# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHISN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 11 B 22798 |
| Rafael Garcia and Adelina Garcia | Judge Hon. Schmetterer |
| | CHAPTER 13 |
| Plaintiffs, | |
| v. | |
| | ADV. NO. 11 AP 01371 |
| Bank of America | |
| Defendant. | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.  The Parties**

1. The Plaintiffs are Rafael Garcia and Adelina Garcia ("Plaintiffs").

2. The Defendant is Bank of America ("Defendant").

**B.  Factual Background**

1. On or about May 31, 2011, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 2321 N. Latrobe Avenue, Chicago, IL 60639.

3. That BAC Home Loans Servicing holds a first mortgage lien on the real property commonly known as 2321 N. Latrobe Avenue, Chicago, IL 60639, with a secured claim of $210,273.00 pursuant to the Plaintiffs' credit report.

4. The Defendant holds a second mortgage lien on the real property known as 2321 N. Latrobe Avenue, Chicago, IL 60639 in the approximate amount of $50,089.00 pursuant to the Plaintiffs' credit report.

5. That the Plaintiffs obtained an appraisal of the property on May 23, 2011 indicating the value of 2321 N. Latrobe Avenue, Chicago, IL 60639 as $170,000.00.

6. The first mortgage lien of BAC Home Loans Servicing is a secured claim based on the mortgage recorded on March 2, 2004 as document number 0406226167 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of Bank of America is a secured claim based on the mortgage recorded on January 9, 2007 as document number 0700915041 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $475.00 per month for 60 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On June 23, 2011, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 2321 N. Latrobe Avenue, Chicago, IL 60639.

11. That on June 23, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 100 N. Tryon Street, Charlotte, NC 28255, and upon the registered agent, C T Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $170,000.00.

15. The first secured claim of BAC Home Loans Servicing in the amount of $210,273.00 exhausts the value and equity in Plaintiffs' residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtors scheduled the first secured claim of BAC Home Loans Servicing in the amount of $210,273.00 and the second secured claim of Bank of America in the amount of $50,089.00.

5. BAC Home Loans Servicing has not yet filed a proof of claim in Plaintiffs' bankruptcy case 11-22798.

6. Bank of America has not yet filed a proof of claim in Plaintiffs' bankruptcy case 11-22798. The second claim of Bank of America in the amount of $50,089.00 is second in priority.

7. That value of Plaintiffs' residence is $170,000.00.

8. As there is no value or equity to support the second priority lien of Bank of America, the claim is not a claim secured at all by a security interest in the Debtors' residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtors, and entry of the discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 8/26/11

Enter:

_____
United States Bankruptcy Judge

AUG 26 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625